## Alfred S. Acuff's Appeal.

The opening of a decree in equity rests in the sound discretion of the common pleas; and unless the discretion has been abused, a refusal to open the decree will not be reviewed in the supreme court.

Under the act of April 1, 1874, an appeal from a decree in equity cannot be taken after the expiration of two years.

(Argued April 20, 1887. Decided May 2, 1887.)

January Term, 1886, No. 463, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas of Montgomery County for the plaintiff in a bill in equity. Appeal quashed.

This was a bill in equity filed by Milton Newberry, executor of Eliza Acuff, deceased, against Alfred S. Acuff, to annul an instrument in writing and strike from the record the judgment entered thereon.

The facts as they appeared before H. K. Weand, Esq., the master appointed by the court, were stated in his report which was as follows:

The undersigned master appointed in the above case respectfully reports that he met the parties interested in the above case, and after hearing their proofs reports the following conclusions of fact and of law:

Eliza Acuff died on or about May 2, 1882, having first made her last will and testament, dated December 31, 1878, and a codicil thereto dated the 3d of February, 1881, both duly proven the 8th of May, 1882. The plaintiff was appointed ex-

NOTE.—For the time of appealing, see note to Gillespie v. Campbell, 1 Sad. Rep. 145.

ecutor of said will. In said will and codicil the testatrix dis-
criminated against her son Alfred S. Acuff. When the will and
codicil were offered for probate before the register of wills, Al-
fred S. Acuff filed exceptions thereto on the 15th of May, 1882.
These exceptions were dismissed by the court and probate
granted.

The executor advertised the real estate for sale on the 12th of
October, 1882, and on the same day Alfred S. Acuff appeared in
the prothonotary's office, at Norristown, and presented a paper
for filing, purporting to be a judgment note of Eliza Acuff to
the order of Alfred S. Acuff for $6,000, dated July 27, 1881,
at one year with interest, witnessed by Thomas F. Tyson. Judg-
ment was entered upon this note in judgment docket H, 1, p.
220. As soon as the fact that this judgment had been entered
of record was communicated to Mr. Fox, attorney for Eliza
Acuff's estate, proceedings were commenced to have the judg-
ment set aside and the judgment stricken from the record, upon
the ground that the name of Eliza Acuff to said note was a for-
gery and that Alfred S. Acuff knew that it was not her genuine
signature.

Afterwards Alfred S. Acuff was indicted and tried in the
court of quarter sessions of Montgomery county for the offense
of forging, uttering, and publishing said forged note.

The testimony given on the trial of said case has been offered
before the master to have the same force and effect as if the
witnesses had been produced before him and testified to the same
facts.

Pending these proceedings Alfred S. Acuff and wife made a
deed of assignment of their property for the benefit of their
creditors, to Benj. P. Wertsner as assignee. He was repre-
sented before the master by counsel.

The master finds from the testimony that the name of Eliza
Acuff to the judgment note, dated 12th of October, 1882, upon
which judgment was entered in docket H, 1, p. 220, was not
the genuine signature of Eliza Acuff, but that the same was a
forgery, and that no consideration passed to Eliza Acuff for said
note; and further that the entry of said judgment after the death
of Eliza Acuff gave it no lien as a judgment.

As a result of this finding, the master recommends a decree:
(1) That said judgment be stricken from the record; (2) that

said judgment note be marked canceled by the prothonotary; (3) that Alfred S. Acuff pay the costs of this proceeding.

Subsequently the court entered the following decree:

"And now, December 8, 1883, the report of the master having been filed in open court and no exceptions having been filed thereto before him, it is now ordered and decreed as follows: that said report be now confirmed, and (1) that the judgment entered in judgment docket H, 1, p, 220, wherein Alfred S. Acuff is plaintiff, and Eliza Acuff defendant, be stricken from the record; (2) that the note upon which said judgment was entered be marked canceled; (3) that the defendant pay the costs of this proceeding."

On April 30, 1884, the plaintiff filed a bill of costs amounting to $132.50. No further proceedings were had until September 23, 1885, when the defendant filed a petition in which, after setting forth the docket entries, he alleged:

That at the time the master's report was filed, to wit, December 8, 1883, your petitioner was out of the jurisdiction of the court and was not aware of it; and he is informed and believes that the filing of said master's report was assented to by his family and by Mr. Rogers appearing as counsel for your petitioner, by agreement with the plaintiffs in said bill, and their counsel, Messrs. Hunsicker and Fox, upon consideration that if the defendant, who, September 8, 1883, had been convicted of the forgery of said note, would return into the jurisdiction of the court and consent to the cancelation of said note and judgment, they and the prosecutors, petitioner's sister *et al.*, would recommend no imprisonment, and a decree should be made as above stated and set forth, striking his said judgment from the record and canceling his said judgment note.

Your petitioner was informed by his family that he should return to the jurisdiction of the court, and the plaintiffs and prosecutors promised that he would receive, and they only would ask, a nominal sentence for the conviction aforesaid. He returned January 5, 1884, and was sentenced by the court of quarter sessions of said county to an imprisonment of ten days and to pay a fine of $500 and costs; the court sentencing first only to pay a fine, when it was found that by law there must also be an imprisonment, when the sentence to ten days' imprisonment was added.

Your petitioner was convicted September 18, 1883, of the crime of the forgery of said note, and the same day a motion was made by him for a new trial.

September 21, 1883. Reasons for a new trial were filed. October 8, 1883. Additional reasons for a new trial were filed by permission of the court. Since said trial and conviction your petitioner has found abundant evidence to sustain his defense in said suit; that he did not know the master's report had been filed until after his sentence; that no exceptions were filed to it; and that he was not aware (till after his imprisonment) of the said decree of the court having been made.

Your petitioner is informed and believes that such consideration for such a report in equity and decree thereon is invalid and void, contrary to public policy, prejudicial to petitioner's right, and against the law.

Your petitioner therefore prays the court to open said decree in said equity case, and direct the cause to proceed; to reinstate said judgment in said decree mentioned, and that the third paragraph of said decree, "that the note on which said judgment was entered be canceled," be annulled and set aside; and that Your Honor grant such other and further relief as to the court shall seem meet.

On the same day the court granted a rule to show cause why the prayer of the petition should not be granted; whereupon, the plaintiff Newberry filed an answer in which he alleged:

1. That said rule was improvidently granted in the absence, and without the knowledge of this respondent or of his counsel.

2. The court had no authority to entertain the said petition, the said decree having been entered December 8, 1883, and being final and conclusive.

3. The estate of the said Eliza Acuff, deceased, was finally settled, and the account of this respondent as her administrator filed, on the first day of February, 1884, and finally confirmed by the court. Distribution of the said estate was made upon the basis and faith of the said decree, and the said Alfred S. Acuff on the 18th day of March, 1885, received his share of the balance of the estate in the hands of this respondent, as administrator aforesaid.

4. The conviction and sentence of the said petitioner for the forgery of the instrument upon which the judgment was entered

is final and conclusive evidence that the said instrument was null and void, and that no order the court could make would restore the dead instrument to life.

5. It is wholly untrue that this respondent made any promise or interfered in any way for the purpose of screening the petitioner from punishment, or to mitigate his sentence for the crime of which he had been convicted. Respondent is informed and believes it to be true that the petitioner absconded after his conviction, and remained in concealment out of the jurisdiction of the court for a long time, to evade the punishment of his crime. Respondent had nothing to do with inducing him to return, and would not have interfered by any recommendation as to his sentence.

6. It could do the petitioner no good to open or set aside the decree in equity, inasmuch as, the instrument being already dead, no proceeding could be had upon it.

7. The petitioner was represented in the equity suit by able counsel, who faithfully · attended to his interests throughout. The case was heard and decided by an able auditor, upon overwhelming evidence; and it contained nothing to which counsel could have filed exceptions.

Subsequently the court entered this decree:

"Now, March 1, 1886, the testimony taken by the defendant in support of the above-stated rule being mostly inadmissible and altogether unsatisfactory to establish that any injustice has been done him; and, it being admitted that the executor of the last will and testament has fully accounted for and distributed the estate of Eliza Acuff upon the faith of said decree and in accordance with said will, the petition of the said Alfred S. Acuff is refused and the rule thereupon granted is discharged, at the costs of the petitioner."

The assignments of error specified this decree and the decree of December 8, 1883.

*H. B. Dickinson* and *George N. Corson,* for appellant.—The report of the master shows that he received illegal testimony upon which his report is based.

Rule 78 prescribes that the decree of the court shall recite that "this cause came on to be heard at this term and was argued by counsel; and thereupon it is ordered, adjudged, and

decreed as follows:" then follows the decree, which "shall be drawn by the solicitor of the party in whose favor it is, who shall, unless otherwise herein provided, serve a copy thereof on the solicitor of the adverse party, with notice of the time, which shall not be less than three days thereafter, when the same shall be submitted to court." It nowhere appears that this was done. No exceptions were filed; and the court below seems to have been left under the impression that the defendant did not object; in other words, that he now entered the plea of guilty.

The appellant here was utterly ignorant of this decree in equity. He thought that the case was abandoned or dropped. If the appellee had petitioned the court in the usual way, to open the judgment, an issue would have been awarded and a trial had, with the right to appeal by the party aggrieved, under the act of April 4, 1877.

The proceedings in this case were not according to the common law or common practice, in law or equity.

A question of fact in a civil court is carried over to the criminal court, a conviction procured, a sentence of ten days pronounced which had to be fulfilled before it could be reversed or reviewed in the supreme court; and then this conviction with the evidence in the criminal court is carried back to a master in the civil court, as proof upon which the court of common pleas strikes off a $6,000 judgment!

If the witnesses who testified in the former criminal case were dead at the trial of the civil case, their testimony taken when all parties were in full life would be admissible perhaps under the authorities; and documentary evidence in a former trial, as a warrant or survey, is admissible (Bratton v. Mitchell, 3 Pa. St. 49); but there is no authority for reading to a master, in a subsequent hearing in an equity suit, the testimony of living witnesses in a prior criminal prosecution. Forney v. Hallagher, 11 Serg. & R. 203; Stiles v. Bradford, 4 Rawle, 394.

The act of March 28, 1814, providing that depositions to be read in a former cause may be read in a later cause between the same parties upon the same subject does not apply to this case, or to testimony in a criminal case.

*G. R. Fox & Son,* for appellee.—The petition for rehearing was not filed until September 23, 1885, nearly two years after the final decree in equity, and six months after Acuff had re-

ceived his said share. The rule of court (rule in equity 86) provides that "a rehearing may be granted at any time, within the discretion of the court; but when the decree has been executed, parties who have acted on the faith of such decree shall not be prejudiced by such decree being reversed or varied."

PER CURIAM:

The appeal from the first decree was not taken in time to authorize us to review it under the statute. The refusal of the court to open the decree rests in the sound discretion of the court, and the record shows no fact which will permit an appeal to lie.

Appeal quashed.